Michael S. Davis (MD-6317)
Anthony I. Giacobbe, Jr. (AG-0711)
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

*Attorneys for Petitioner*
*National Union Fire Insurance Company of Pittsburgh, Pa.*



RECEIVED MAY 24 2007 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., on behalf of itself and each of the related insurers that provided coverage to respondent,

           Petitioner,

- and -

GAINEY CORPORATION,

           Respondent.

JUDGE LEISURE

Case No.: 07 CIV 4067

**PETITION TO COMPEL ARBITRATION OF THE ANDERSON DISPUTE**

---

Petitioner, National Union Fire Insurance Company of Pittsburgh, Pa., on behalf of itself and each of the related insurers that provided coverage to respondent ("National Union"), by its attorneys, Zeichner Ellman & Krause LLP, as and for its petition to compel Gainey Corporation ("Respondent") to arbitrate, avers upon information and belief, as follows:

    1. This Court has subject matter jurisdiction over this matter due to the diversity of citizenship of the parties, under 28 U.S.C. § 1332(a)(1). It is a dispute between citizens of different states and the amount in controversy is more than $75,000.

2. Petitioner National Union is a corporation existing under the laws of Pennsylvania, with offices and principal places of business in the Southern District of New York.

3. Upon information and belief, Respondent Gainey Corporation is a corporation organized and existing under the laws of Michigan, with an office and principal place of business in Michigan.

4. Respondent is subject to the personal jurisdiction of this Court.

5. Respondent expressly agreed that "any action or proceeding concerning arbitrability, including motions to compel or to stay arbitration, may be brought only in a court of competent jurisdiction in the City, County, and State of New York." See Exhibit 1 at NU 1013.

6. Beginning as of June 1, 2004, National Union provided certain insurance coverages for the benefit of Respondent and its employees pursuant to an insurance program (the "Insurance Program").

7. In connection with the Insurance Program, the parties entered into a Payment Agreement for Insurance and Risk Management Services dated as of June 1, 2004 (the "2004 Payment Agreement," annexed as Exhibit 1 at NU 1001 – 1010).

8. The Insurance Program was renewed each year thereafter by the adoption of certain addenda and schedules to the 2004 Payment Agreement (together with

the 2004 Payment Agreement, the "Insurance Program Agreements"), including the following:

- 2004 Addendum to Payment Agreement dated as of June 1, 2004 (the "2004 Addendum")
- Addendum to the Payment Agreement – Collateral Adjustment Procedure – effective June 1, 2004
- Addendum to the Payment Agreement – Loss Development Factors – effective June 1, 2004
- Schedule of Policies and Payments effective June 1, 2004
- Large Risk Rating Plan Endorsement effective June 1, 2004
- Extension Schedule of the Large Risk Rating Plan Endorsement effective June 1, 2004
- Payment Agreement for Insurance and Risk Management Services effective June 1, 2006 (the "2006 Payment Agreement")
- 2006 Addendum to Payment Agreement dated as of June 1, 2006 (the "2006 Addendum")
- Addendum to the Payment Agreement – Loss Development Factors – effective June 1, 2006
- Large Risk Rating Plan Endorsement effective June 1, 2006
- Extension Schedule of the Large Risk Rating Plan Endorsement effective June 1, 2006

These agreements are annexed collectively at Exhibit 1.

9. The 2004 Payment Agreement provides for arbitration of disputes pursuant to an Arbitration Clause (the "Arbitration Clause") which provides:

> We will review the disputed items promptly and provide *You* with further explanations, details, or corrections. *You* must pay us the correct amounts for the disputed items within 10 days of agreement between *You* and us about their correct amounts. Any disputed items not resolved

within 60 days after our response to *Your* written particulars must immediately be submitted to arbitration as set forth below. With our written consent, which shall not be unreasonably withheld, *You* may have reasonable additional time to evaluate our response to *Your* written particulars.

So long as *You* are not otherwise in default under this Agreement, we will not exercise our rights set forth under "What May We Do in Case of Default?", pending the outcome of the arbitration on the disputed amount of *Your Payment Obligation*.

**What about disputes other than disputes about payment due?**

<u>**Any other unresolved dispute arising out of this Agreement must be submitted to arbitration.**</u> *You* must notify us in writing as soon as *You* have submitted a dispute to arbitration. We must notify *You* in writing as soon as we have submitted a dispute to arbitration.

**Arbitration Procedures**

...

**Qualifications of arbitrators:** Unless *You* and we agree otherwise, all arbitrators must be executive officers or former executive officers of property or casualty insurance or reinsurance companies or insurance brokerage companies, or risk management officials in an industry similar to *Yours*, domiciled in the United Sates of America not under the control of either party to this Agreement.

**How the arbitration must proceed:** The arbitrators shall determine where the arbitration shall take place. The arbitration must be governed by the United Sates Arbitration Act, Title 9 U.S.C. Section 1, et seq. Judgment upon the award rendered by the arbitrators may be entered by a court having jurisdiction thereof.

*You* and we must both submit our respective cases to the arbitrators within 30 days of the appointment of the third arbitrator. The arbitrators must make their decision within

> 60 days following the termination of the hearing, unless *You* and we consent to an extension. The majority decision of any two arbitrators, when filed with *You* and us will be final and binding on *You* and on us.
>
> The arbitrators must interpret this Agreement as an honorable engagement and not merely a legal obligation. They are relieved of all judicial formalities. They may abstain from following the strict rules of law. They must make their award to effect the general purpose of this Agreement in a reasonable manner.
>
> The arbitrators must render their decision in writing, based upon a hearing in which evidence may be introduced without following strict rules of evidence, but in which cross-examination and rebuttal must be allowed.
>
> The arbitrators may award compensatory money damages and interest thereupon. They may order *You* to provide collateral to the extent required by this Agreement. **They will have exclusive jurisdiction over the entire matter in dispute, including any question as to its arbitrability**. However, they will not have the power to award exemplary damages or punitive damages, however denominated, whether or not multiplied, whether imposed by law or otherwise.
>
> **Expenses of Arbitration:** *You* and we must each bear the expense of our respective arbitrator and must jointly and equally bear with each other the expense of the third arbitrator and of the arbitration.
>
> This Section will apply whether that dispute arises before or after termination of this Agreement.

See, Exhibit 1 at NU 1008 – 1009 (emphasis added).

> **How arbitrators must be chosen:** You must choose one arbitrator and we must choose another. They will choose the third. If you or we refuse or neglect to appoint an arbitrator within 30 days after written notice from the other party requesting it to do so, or if the two arbitrators fail to

>agree on a third arbitrator within 30 days of their appointment, either party may make application only to a court of competent jurisdiction in the City, County, and State of New York. **Similarly, any action or proceeding concerning arbitrability, including motions to compel or to stay arbitration, may be brought only in a court of competent jurisdiction in the City, County, and State of New York.**

See, Exhibit 1 at NU 1013 (emphasis added).

10. National Union served a Demand for Arbitration (the "Demand") dated March 8, 2007 asserting claims for security owed and "**any other amounts due or that may become due pursuant to the Payment Agreement for Insurance Risk Management Services**, between the Claimants and Gainey Corporation, the related schedules and any amendments thereto (collectively, the "Agreement") annexed hereto as Exhibit A." (emphasis added)  The Demand, with Exhibit A, is annexed as Exhibit 2.

11. Pursuant to the Arbitration Clause, Respondent appointed P. Kevin Thompson as its arbitrator and National Union appointed Elizabeth M. Thompson as its arbitrator.

12. Respondent has asserted a dispute of National Union's claim for reimbursement of amounts paid by National Union in connection with the settlement of a claim under the Insurance Program referred to by the Parties as the Anderson Claim (the "Anderson Dispute"). A copy of their dispute letter is attached as Exhibit 3.

13. By e-mail communication dated May 22, 2007, counsel for Respondent asked counsel for National Union to accept service of a lawsuit concerning the Anderson Dispute.

14. The Anderson Dispute is subject to the broad Arbitration Clause.

15. Moreover, to the extent Respondent disputes this assertion, the Arbitration Clause expressly provides that: "They [the arbitrators] shall have exclusive jurisdiction over the entire matter in dispute, including any questions as to arbitrability." See Exhibit 1 at NU 1009.

16. No previous request has been made for the relief requested herein.

WHEREFORE, National Union respectfully requests that this Court compel Respondent to arbitrate the Anderson Dispute.

Dated:    New York, New York
          May 23, 2007

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
    Michael S. Davis (MD-6317)
    Anthony I. Giacobbe, Jr. (AG-0711)
     Attorneys for Petitioner
    575 Lexington Avenue
    New York, New York 10022
    (212) 223-0400