Michael S. Davis (MD-6317)
Anthony I. Giacobbe, Jr. (AG-0711)
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

*Attorneys for Petitioner*
*National Union Fire Insurance Company of Pittsburgh, Pa.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., on behalf of itself and each of the related insurers that provided coverage to respondent,<br><br>　　　　　　　　　　　　　Petitioner,<br><br>　　　　- and -<br><br>GAINEY CORPORATION,<br><br>　　　　　　　　　　　　　Respondent. | Case No.: 07 CIV 4067 (PKL)<br><br>**DECLARATION IN SUPPORT OF ORDER TO SHOW CAUSE** |

STATE OF NEW YORK,
COUNTY OF NEW YORK.

　　　　ANTHONY I. GIACOBBE, JR., pursuant to 28 U.S.C. §1746, declares:

　　　　1.　　I am an attorney admitted to practice before this Court and of counsel to Zeichner Ellman & Krause LLP, attorneys for Petitioner National Union Fire Insurance Company of Pittsburgh, Pa., on behalf of itself and each of the related insurers that provided coverage to respondent, ("National Union"). I make this Declaration in support of National Union's request for an Order to Show Cause to compel Respondent to arbitrate the Anderson Dispute (as defined in National Union's Petition).

2. Submitted herewith is National Union's petition (the "Petition") to compel arbitration of the Anderson Dispute.

3. Annexed to the Petition as Exhibit 1 are certain of the agreements governing the insurance program provided by National Union to Respondent.

4. Annexed to the Petition as Exhibit 2 is the Demand for Arbitration (the "Demand") dated March 8, 2007 served by National Union upon Respondent.

## REASON FOR MOVING BY ORDER TO SHOW CAUSE

5. National Union served the Demand asserting claims for security owed and "**any other amounts due or that may become due** pursuant to the Payment Agreement for Insurance Risk Management Services, between the Claimants and Gainey Corporation, the related schedules and any amendments thereto (collectively, the "Agreement") annexed hereto as Exhibit A." See Exhibit 2 to the Petition at NU 2001 (emphasis added).

6. Although both Respondent and National Union have appointed arbitrators pursuant to the governing Arbitration Clause, Respondent has threatened to file a lawsuit regarding the Anderson Dispute.

7. The Anderson Dispute is subject to arbitration under the Arbitration Clause.

8. Moreover, to the extent that Respondent asserts a dispute concerning arbitrability of the Anderson Dispute, the governing Arbitration Clause expressly provides that: "They [the arbitrators] shall have exclusive jurisdiction over the entire matter in dispute, including any question as to its arbitrability." See Exhibit 1 at NU 1009.

9. National Union moves by Order to Show Cause because Section 4 of the Federal Arbitration Act (9 U.S.C. §4) provides that a motion to compel arbitration be heard on five days' notice. Given that Respondent intends to commence a lawsuit elsewhere, this Court should hear this motion to compel arbitration before any proceedings would take place in the threatened lawsuit.

## NO PRIOR APPLICATION

10. No prior application has been made for the relief requested herein.

11. I declare under penalties of perjury that the foregoing is true and correct.

Dated:   May 23, 2007

_____
ANTHONY I. GIACOBBE, JR.

503975.02/10539-012/AIG